Alfred Nixon, Respondent, v. James Harley, Appellant.— Judgment of the Municipal Court affirmed, with costs. No opinion. All concurred.

Mary T. Uppington. Appellant, v. The City of New York, Respondent.— Judgment and order affirmed on argument, with costs, on the opinion of this court delivered on the former appeal. (See 41 App. Div. 370.)

Helena I. Brown et al., Appellants, v. Mary M. Wadsworth et al., Respondents.— Judgment affirmed on argument, with costs, on the opinion of this court delivered on the former appeal. (See 32 App. Div. 423.)

James O'Donohue and Others, Appellants, v. John F. Cronin and Another, Respondents. — Order reversed and motion granted, so far as to allow the plaintiffs to make the defendants' lessors parties to the action, upon plaintiffs paying within ten days ten dollars costs of the application and ten dollars costs and the disbursements of this appeal. No opinion. All concurred, except Goodrich, P. J., not sitting.

New York Flexible Wood Flooring Company, Appellant, v. Armintha Merritt, Respondent. — Order affirmed, without costs. No opinion. All concurred.

Jacob Litt, Respondent, v. Wabash Railroad Company, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. All concurred, except Goodrich, P. J., not sitting.

James Brown, an Infant, by Mary Brown, his Guardian ad Litem, Respondent, v. Nassau Electric Railroad Company, Appellant.— Judgment and order reversed and new trial granted, costs to abide the event, unless within twenty days plaintiff stipulates to reduce recovery of damages to $2,000, and extra allowance proportionately, in which case the judgment as reduced is unanimously affirmed, without costs of this appeal to either party. No opinion.

Margaret E. Littlejohn, Respondent, v. Lucy A. L. Leffingwell, Individually and as Executrix, etc., Elisha Dyer Leffingwell et al., Appellants.— Order resettled

Anna Rose, Respondent, v. Brooklyn Elevated Railroad Company and Frederick Uhlmann, as Receiver of the Brooklyn Elevated Railroad Company, Appellants. — Judgment modified so as to reduce the award for fee damages to the sum of $1,000, and the award for damage to the rental or unsalable value to the sum of $500, to be recovered against the defendant company and the defendant receiver, and as modified affirmed, without costs of this appeal to either party. No opinion. All concurred.

Eugene A. Johnson, Appellant, v. The Long Island Railroad Company, Respondent.— Motion to resettle order and certify questions granted, and questions certified as follows: 1. Has the plaintiff in this action any legal capacity to sue? 2. Is there a defect of the parties plaintiff in this action in that the members of the alleged Montauk tribe of Indians are not made parties plaintiff? 3. Does the complaint herein state facts sufficient to constitute a cause of action?

Emily Hunter v. Supreme Lodge, Knights of Honor.— Application for stay granted.

The People of the State of New York, Respondent, v. Rose Washington, Appellant.— Judgment of the Special Sessions affirmed. No opinion. All concurred, except Woodward, J., not sitting.

Charles Loffler, Appellant, v. Mary Fint, Respondent. — Judgment of the Municipal Court affirmed on argument, with costs. Woodward, J., not sitting.

The People of the State of New York on the Complaint of Bernard Leet, Respondent, v.

Philip Lindbaum and Samuel Berkovitz, Appellants.— Judgment of the Special Sessions affirmed on argument. Woodward, J., not sitting.

In the Matter of the Estate of Joseph Gall, Deceased.— Order resettled so as to allow appellant ten dollars costs and disbursements of appeal. Motion to dismiss appeal from order of the 26th day of July, 1899, granted, without costs as against any party.

The People of the State of New York ex rel. John Koch, Respondent, v. Benjamin B. Odell, Mayor of the City of Newburgh, and Ex-officio Chief of Police of said City of Newburgh, Appellant.— Order affirmed on argument, with ten dollars costs and disbursements.

Edward Spilker, Jr., as Administrator, etc., of Edward Spilker, Deceased, Appellant, v. Third Avenue Railroad Company, Respondent.— Order affirmed on argument, with ten dollars costs and disbursements.

William C. Kennedy, Plaintiff, v. The Brooklyn Heights Railroad Company, Defendant.— Order affirmed on argument, with ten dollars costs and disbursements, without prejudice to an application to prosecute the action to enforce the attorney's lien.

In the Matter of the Probate of the Last Will and Testament of Caroline Remsen Gihon, Deceased.— Order affirmed, without costs, on respondent executing and filing within ten days a bond with sureties in the penalty of $10,000, conditioned for the restoration of the sum paid to him by the administrator and interest, in case of such restoration may hereafter be directed, bond to be approved as to form and sufficiency of securities by the surrogate. If the respondent fails to give the bond within the time aforesaid, then order reversed, with ten dollars costs and disbursements to the appellant. Decided on argument. All concurred.

Ezra J. Brownell, Respondent, v. Samuel W. Ehrich and Another, Appellants.— Motion for leave to appeal to the Court of Appeals denied.

Eugene Fisher, Respondent, v. The City of Mount Vernon, Appellant.— Motion for leave to appeal to the Court of Appeals denied.

Jacob Weissman, Respondent, v. The Dry Dock, East Broadway and Battery Railroad Company and The Hecker-Jones-Jewell Milling Company, Appellants.— Motion for leave to appeal to the Court of Appeals denied.

Edward Butcher, Jr., v. Frederick S. Pearson.— Motion for leave to appeal to the Court of Appeals granted.

John B. Hicks v. New Jersey Car Spring and Rubber Company.— Motion for leave to appeal to the Court of Appeals denied.

In the Matter of the Application of the Port Chester Street Railway Company for the Appointment of Commissioners, etc.— Motion for reargument denied.

Sarah Cook, Respondent, v. Joseph White, Appellant; James Conroy et al., Respondents.— There is no necessity for the incorporation in the judgment of this court of the opinion delivered, unless the effect of the opinion is to limit or to qualify the judgment rendered by the court. This is not such a case. The verdict at Trial Term was directed; therefore, the case does not come within the constitutional provision forbidding the review of a unanimous determination of this court that the evidence was sufficient to support the verdict. If on the whole case there was any question that properly should have been submitted to the jury, the judgment will be reversed, and nothing contained in the opinion by us can in any way limit or increase the right of the appellant to such reversal. Motion to resettle judgment denied.